[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage and related relief. The plaintiff, Barbara Gnandt, whose maiden name was Barbara Capozziello, and the defendant, Richard Gnandt, married on May 27, 1967, in Bridgeport, Connecticut. The plaintiff and defendant have resided continuously in the State of Connecticut for at least twelve months next preceding the date of filing the complaint; therefore, this court has jurisdiction. There are two children issue of the marriage, both of whom have reached the age of majority. The marriage of the parties has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is 56 years old. She is in fair health, except for breast cancer which was diagnosed in 1997; she had a lumpectomy and her prognosis is "guarded." She also has back pain from a previous surgery and varicose veins, neither of which appears to interfere significantly with her employment.
The plaintiff is a food services manager for the Town of Trumbull. She reports on her financial affidavit that she earns $253 gross, $155 net, per week (this net sum includes credit union and pension deductions). However, these reported earnings are not consistent with her 1997 W2 earnings of $15,360 gross, $12,327 net, per year. On a weekly basis this is $295 gross, $237 net. Further, the 1997 W2 earnings are in harmony with her salary history for prior years. The plaintiff did not offer a credible explanation for the discrepancy with her affidavit. Therefore, the court finds that the plaintiff's actual earnings are more accurately reflected on her 1997 W2.
During the marriage, the plaintiff was the homemaker and primary caretaker for the parties' children. Her past employment was interrupted by child rearing duties. As to future needs, the plaintiff requires some dental work, and her breast cancer condition must continue to be monitored.
The defendant is 56 years old. He is in fair physical health; however, he suffers from depression and anxiety, for which he has been treated psychiatrically for many years. He, too, is a high school graduate and has received vocational training. CT Page 1563
The defendant is self-employed as a contractor who does mostly carpentry and repair work. He reports on his financial affidavit that he earns $100 gross, $88 net, per week. The court has reviewed the history of the defendant's earnings as shown on the parties' joint tax returns, and his financial affidavit earnings are not inconsistent with this history. The plaintiff has not demonstrated to the court that the defendant actually earns more. The defendant's depression causes him some fatigue, though it is doubtful the defendant has strictly followed his prescription medication regimen. On a future needs basis, without insurance, the defendant's medication needs will cost about $250 per month.
The cause of the breakdown of this marriage results from a long history of verbal and physical altercations between the parties. There appears to be no predominant theme for the arguments and altercations. However, although neither party is blameless, it appears to the court that the defendant is the greater contributor to the cause of the marriage breakdown.
This court has considered all of the evidence and the statutes made and provided for the dissolution of marriage in Chapter 815j of the Connecticut General Statutes, including but not limited to C.G.S. §§ 46b-81 and 82, and hereby enters the following orders:
 (1) The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
 (2) Each party is ordered to pay the other $1 per year as and for periodic alimony, in advance, which alimony to the obligee shall terminate upon the earliest happening of any of the following events: the obligor's death, or the obligee's death, remarriage or cohabitation within the meaning or C.G.S. § 46b-86 (b).
 (3) The defendant shall transfer to the plaintiff, and the plaintiff shall have and retain, all of the parties' right, title and interest in and to the marital home at 23 Canterbury Lane, Trumbull, Connecticut. From said date, the plaintiff shall be responsible for, and shall indemnify and hold the defendant harmless against, any obligation for the mortgage and taxes on said property. CT Page 1564
 (4) The defendant shall transfer to the plaintiff, and the plaintiff shall have and retain, all of the parties' right, title and interest to said property at 166-170 Halley Avenue, Fairfield, Connecticut, as well as any tenant escrow account for the same. From said date, the plaintiff shall be responsible for and shall indemnify and hold the defendant harmless against any liability for taxes on said property, including taxes accrued to the date of transfer.
 (5) The plaintiff shall have and retain all of her right, title and interest in and to said property at 94 Alfred Street, Bridgeport, Connecticut.
 (6) The defendant shall have and retain all of his right, title and interest in and to those properties at 71 Nichols Avenue, Fairfield, Connecticut, and 9022 Hinton Avenue, Baltimore, Maryland.
 (7) The plaintiff shall pay to the defendant, as and for a lump sum property distribution, the sum of $115,000 within one year from the date hereof. Said sum shall be secured by the plaintiff giving the defendant a first mortgage, in customary form, at the time of transfer in paragraph (4) upon and to 166-170 Halley Avenue, Fairfield. Said sum shall be paid upon the plaintiff's sale or transfer of any interest in said property, if such occurs before the one year provided. In the event that said sum is not paid to the defendant as provided herein, said sum shall bear interest at the judgment rate from that date, without limiting any remedy available to the defendant at law or in equity.
 (8) The plaintiff shall have and retain all of the parties' right, title and interest in and to the 1985 Cutlass and the 1984 Chevrolet Monte Carlo; the defendant shall have and retain all of the parties' right, title and interest in and to the 1987 Ford Ranger.
 (9) The plaintiff shall have and retain all of the parties' right, title and interest in and to the People's savings account and credit union account on her financial affidavit; the defendant shall have and retain all of the parties' right, title and interest in and to the People's savings account and People's checking account on his financial affidavit. The parties shall divide equally the People's savings account, joint, on the plaintiff's financial affidavit. CT Page 1565
 (10) The parties shall divide equally the Franklin Securities mutual fund, including any dividend or interest checks in the possession of either party or counsel which remain unnegotiated.
 (11) The plaintiff shall retain all of her right, title and interest in and to her pension with the Town of Trumbull, Connecticut.
 (12) The plaintiff shall have and retain all of the parties' right, title and interest in and to the furniture and furnishings at the marital home, 23 Canterbury Lane, Trumbull, Connecticut, except for the defendant's personal papers and effects. In the event of a dispute or disagreement concerning this provision, the parties shall first mediate the matter with Family Services before filing any motion with the court.
 (13) The plaintiff shall have and retain all of the parties' right, title and interest in and to her clothing and jewelry; the defendant shall have and retain all of the parties' right, title and interest in and to the items of personalty and accounts receivable listed in sections 4"C" and "H", of his financial affidavit with the exception of the "miscellaneous household goods" which have been awarded to the plaintiff.
 (14) The plaintiff shall have and retain all of the parties' right, title and interest in and to any rent receivables or unnegotiated checks from all tenants at 166-70 Halley Avenue, Fairfield, whether in the possession of either party or counsel; the defendant shall have and retain all right, title and interest to the $2,700 cash within his residence.
 (15) The plaintiff shall be solely liable and responsible for the debts to the following: J.C. Penney, C. Capozziello. The defendant shall be solely liable and responsible for the debts to the following: People's Bank (truck loan), Ann Marie Sutay. The parties shall be equally liable and responsible for the following debts, and shall indemnify and hold harmless the other against more than the other's equal share: People's Mastercard, Internal Revenue Service.
 (16) Except or to the extent as more specifically set forth hereinbefore, each party shall retain all assets and be responsible for any liabilities shown on their respective financial affidavits. CT Page 1566
 (17) The defendant shall have and retain all and any rights he has to remain insured under the plaintiff's medical and dental insurance policies, at his sole cost and expense.
 (18) Each party shall be responsible for her or his own counsel fees.
 (19) Except or to the extent as may be specifically set forth hereinbefore, all orders shall be effectuated within thirty days of the date hereof.
 (20) Counsel for the plaintiff shall prepare the judgment file.
So Ordered.
______________________ KAVANEWSKY, J.